(25 App. Div. 359.)

## KELLY v. MOREHOUSE.

(Supreme Court, Appellate Division, Fourth Department. February 6, 1898.)

DECLARATIONS BY AGENT.

    Where the bailee of a cow was sued by the owner for negligently killing the animal by feeding her improper food, it was error to admit evidence that defendant's agent, after the death of the cow, had admitted that she had fed her frozen apples, since this was the declaration of an agent, not acting within the scope of her authority, made after the transaction to which it related, and at a period too remote therefrom to permit it being part of the res gestæ.

Appeal from Seneca county court.

Action by Thomas Kelly against Jesse Morehouse. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

H. A. Carmer, for appellant.
W. S. MacDonald, for respondent.

PER CURIAM. This action was brought to recover damages for the negligent killing of a cow, by feeding her improper food while she was in the custody of the defendant. Upon the trial the evidence tended to show that the plaintiff was the owner of the cow in question; that in January, 1897, he left her with the defendant under a contract for her care and keeping at a stipulated price per week; that by the terms of this contract the cow was to run about the straw stack in the barnyard of the defendant's farm, with the assurance by the defendant that she would be all right, and would not be hurt. The defendant did not occupy the farm himself, but the same was carried on by a Mrs. King and her daughter, as the defendant's agents. Some two or three weeks after the cow had been taken to the farm, she was fed some apples by the daughter, one of which lodged in the animal's throat, causing her to die from suffocation. The action was originally brought in a justice's court, and a recovery was had upon the theory that the death of the cow was attributable to the negligence of Miss King in feeding her the apples; it being claimed that some of the apples were frozen, and that the one which caused the animal's death was in that condition. The evidence of negligence was, even if entirely competent, exceedingly slight, and we entertain serious doubt whether it was sufficient to sustain the recovery; but, however that may be, we are satisfied that the judgments of the courts below must be reversed because of the admission of improper evidence upon the trial. The only evidence which had any tendency whatever to establish negligence upon the part of the defendant was that of a witness by the name of McGraw, who testified that at the instance of the plaintiff, and subsequent to the death of the cow, he sought an interview with Mrs. King, and had a conversation with her, in which, after admitting that apples had been fed to the cow, she stated that "she thought some of them were frozen." This statement was but the declaration of an agent, not

acting within the scope of her authority, made after the transaction to which it related, and at a period too remote therefrom to permit its being regarded as a part of the res gestæ.    Inasmuch as the question of its competency was properly raised, we are clearly of the opinion that the admission of this testimony presents error which requires a reversal of the judgments below.    First Nat. Bank of Lyons v. Ocean Nat. Bank, 60 N. Y. 278; Furst v. Railroad Co., 72 N. Y. 542. Other errors were committed by the justice, notably in admitting several answers to questions propounded to the expert witnesses called on behalf of the plaintiff, but, having reached the conclusion that the judgments must be reversed for the reason above stated, we do not deem it necessary to discuss the case further.

Judgment of the county court and of the justice's court reversed, with costs to the appellant.